FILED

SEP 26 2012

CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY_____
                DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | A12CV0895 LY |
| | CIVIL ACTION NO. |
| Plaintiff, | |
| v. | COMPLAINT |
| LUMINANT MINING SERVICES COMPANY, LUMINANT HOLDING COMPANY LLC and ENERGY FUTURE HOLDINGS CORPORATION | JURY TRIAL DEMANDED |
| Defendants. | |

## NATURE OF THE ACTION

This is an action under Title I of the American with Disabilities Act of 1990 ("ADA"), as amended by the ADA Amendments Act of 2008 ("ADAAA"), and Title I of the Civil Rights Act of 1991, to correct unlawful employment practices on the basis of disability and to provide appropriate relief to Charging James Tarver who was adversely affected by such practices. The Equal Employment Opportunity Commission ("the Commission") alleges that Luminant Mining Services Company, Luminant Holding Company LLC and Energy Future Holdings Corporation ("Defendants" or "Luminant") failed to provide Mr. Tarver, a qualified individual with a disability, with a reasonable accommodation during his employment and subsequently terminated Mr. Tarver because of his disability, in violation of the ADA, as amended.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343, and 1345. This action is authorized and instituted pursuant to Section 107(a) of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12117(a), which incorporates by

reference Section 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3), and pursuant to Section 102 of the Civil Rights Act of 1991, 42 U.S.C. Section 1981a.

2. The employment practices alleged to be unlawful were and are now being committed within the jurisdiction of the United States District Court for the Western District of Texas.

## PARTIES

3. Plaintiff, Equal Employment Opportunity Commission is an agency of the United States of America charged with the administration, interpretation and enforcement of Title I of the ADA and is expressly authorized to bring this action by Section 107(a) of the ADA, 42 U.S.C. § 12117(a), which incorporates by reference Section 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3).

4. At all relevant times, Defendants Luminant Mining Services Company, Luminant Holding Company LLC and Energy Future Holdings Corporation (formerly TXU Corporation) have continuously been and are now doing business in the State of Texas and the city of Kosse, and have continuously employed at least fifteen employees. Luminant Mining Services Company is a Delaware corporation and is a subsidiary of Luminant Holding Company LLC which, in turn, is a subsidiary of Energy Future Holdings Corporation (formerly TXU Corp.).

5. At all relevant times, Defendants have continuously been employers engaged in an industry affecting commerce under Section 101(5) of the ADA, 42 U.S.C. § 12111(5), and Section 101(7) of the ADA, 42 U.S.C. § 12111(7), which incorporates by reference Section 701(g) and (h) of Title VII, 42 U.S.C. § 2000e(g) and (h).

6. At all relevant times, Defendants have continuously been covered entities under Section 101(2) of the ADA, 42 U.S.C. Section 12111(2).

## STATEMENT OF CLAIMS

7. More than thirty days prior to the institution of this lawsuit, James Tarver filed a charge with the Commission alleging violations of the ADA by the Defendants. All conditions precedent to the institution of this lawsuit have been fulfilled.

8. Since January 2010, the Defendants have engaged in unlawful employment practices in violation of Section 102 of the ADA, 42 U.S.C. § 12112(a) and (b), by failing to provide Mr. Tarver with a reasonable accommodation of not standing or walking on concrete for more than one (1) hour per day, and ultimately terminating Mr. Tarver because of his disability, posterior tibial tendon ("PTT") dysfunction. This condition is commonly called "club foot" or "flat foot." Mr. Tarver's right foot is rotated internally, and he has worn an ankle support for several years. Mr. Tarver is a qualified individual with a disability. Mr. Tarver's disability substantially limits him in major life activities, including but not limited to walking and standing.

9. Mr. Tarver was hired by Defendants on or about January 25, 2010 as a Temporary Service Personnel-Mobile Equipment Operator ("TSP-MEO") to work at the mine in Kosse, Texas. After training, Mr. Tarver began working as a Mobile Equipment Operator. On or about April 2010, Mr. Tarver's job assignment was changed and he was required to work in the coal barn, which requires standing and working on concrete. Mr. Tarver made several requests to be moved from coal barn duty because he was in great pain, and needed a reasonable accommodation of not being made to stand on concrete working for extended periods of time.

10. Because Mr. Tarver's disability prevented him from working all day in the coal barn, and because Defendants failed or refused to grant Mr. Tarver's request for a reasonable accommodation in the form of being allowed to work in a position as an equipment operator or some other position which would not require him to stand or work on concrete for such extended

periods, Mr. Tarver was terminated by the Defendants on or about May 28, 2010. Although Defendants had positions available in which Mr. Tarver could have been accommodated, Defendants failed or refused to allow him to work in such positions as a reasonable accommodation.

11. The effect of the practices complained of in paragraphs 8-10, above, has been to deprive James Tarver of equal employment opportunities and otherwise adversely affect his status as an employee because of his disability.

12. The unlawful employment practices complained of in paragraphs 8-10 were intentional.

13. The unlawful employment practices complained of in paragraphs 8-10 were committed with malice or reckless indifference to the federally protected rights of Mr. Tarver.

14. The effects of the practices complained of in paragraphs 8-11 have resulted in emotional pain, suffering, and inconvenience and loss of enjoyment of life for Charging Party and have deprived him of the financial and other benefits of working for Defendants.

## **PRAYER FOR RELIEF**

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining the Defendants, their officers, successors, assigns, and all persons in active concert or participation with them, from engaging in any employment practice which discriminates on the basis of disability.

B. Order the Defendants to institute and carry out policies, practices, and programs which provide equal employment opportunities, and which eradicate the effects of their past and present unlawful employment practices, including reasonable accommodation.

  C. Order the Defendants to make whole James Tarver, who was adversely affected by Defendants' discriminatory conduct, by providing appropriate back pay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of their unlawful employment practices, including but not limited to reinstatement or front pay.

  D. Order the Defendants to make James Tarver whole by providing compensation for pecuniary losses resulting from the unlawful employment practices described in paragraphs 8-10 above, including but not limited to job hunting expenses.

  E. Order the Defendants to make James Tarver whole by providing compensation for non-pecuniary losses resulting from the unlawful employment practices described in paragraphs 8-10 above, including but not limited to, humiliation, emotional pain and suffering, anxiety, stress, depression, inconvenience, and loss of enjoyment of life, in amounts to be determined at trial.

  F. Order the Defendants to pay James Tarver punitive damages for conduct described in paragraphs 8-10 above done by the Defendants with malice or with reckless indifference to the federally protected rights of Mr. Tarver, in an amount to be determined at trial.

  G. Grant such further relief as the Court deems necessary and proper in the public interest.

  H. Award the Commission its costs in this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its Complaint.

Respectfully submitted,

P. DAVID LOPEZ
General Counsel

GWENDOLYN Y. REAMS
Associate General Counsel

ROBERT A. CANINO
Regional Attorney
Oklahoma State Bar No. 011782

SUZANNE M. ANDERSON
Supervisory Trial Attorney
Texas State Bar No. 14009470

WILLIAM C. BACKHAUS
Senior Trial Attorney
Texas State Bar No. 01493850

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
Dallas District Office
207 Houston, 3rd Floor
Dallas, Texas 75202
(TEL) (214) 253-2742
(FAX) (214) 253-2749