IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | CIVIL ACTION NO. W-12-CV-314 |
| Case No: 6:12cv314    Plaintiff, and | | |
| JAMES D. TARVER, | | |
| Intervenor | | |
| v. | | |
| LUMINANT MINING SERVICES COMPANY, LUMINANT HOLDING COMPANY LLC, and ENERGY FUTURE HOLDINGS CORPORATION, | | |
| Defendants. | | |

## CONSENT DECREE

THIS CONSENT DECREE is made and entered into by and between the Plaintiff, Equal Employment Opportunity Commission ("EEOC"), and Defendants, Luminant Mining Services Company, Luminant Holding Company LLC and Energy Future Holdings Corporation ("Defendants") in the United States District Court for the Western District of Texas, Waco Division, with regard to the EEOC's Complaint in Civil Action No. W-12-CV-314, filed on September 26, 2012 and James Tarver's Opposed Motion in Intervention, filed on November 7, 2012 and granted by the Court by Order dated December 7, 2012. The Complaints were based upon a Charge of Discrimination filed by James D. Tarver against Luminant Mining Services Company, now known as Luminant Mining Company LLC ("Luminant Mining Company"). The

CONSENT DECREE                                                                                               PAGE 1

Commission and Intervenor allege that Defendants violated Title I of the Americans With Disabilities Act of 1990 by discriminating against James D. Tarver on the basis of his disability (Congenital Talipes Equinovarus – "Club Foot"), by failing or refusing to provide a reasonable accommodation and by terminating his employment because he is disabled, because he was regarded as disabled and/or because he has a record of a disability.

Defendants deny all of the EEOC's and Intervenor's allegations and deny that they have any liability whatsoever to the EEOC or the Intervenor. Defendants agree to the entry of this Consent Decree solely for the purpose of avoiding the burdens and expenses of litigation. The entry of this Consent Decree is not intended, and shall not be construed, as an admission of liability on the part of the Defendants.

The EEOC, Intervenor and the Defendants agree to compromise and settle the differences embodied in the Complaints, and intend that the terms and conditions of the compromise and settlement be set forth in this Consent Decree ("Consent Decree").

NOW, THEREFORE, in consideration of the mutual promises and agreements set forth herein, the sufficiency of which is hereby acknowledged, the parties agree as follows, the Court finds appropriate and therefore, it is ORDERED, ADJUDGED AND DECREED that:

1. This Consent Decree resolves all issues raised in the EEOC's Complaint and Tarver's Complaint in Intervention filed in this civil action. The EEOC and Intervenor waive further claims and/or litigation on all issues raised in the above-referenced Charge of Discrimination and the Complaints.

2. Luminant Mining Company and its agents and all persons in active concert or participation with them, are hereby enjoined from: (1) discriminating against any employee on the basis of disability in violation of Title I of the Americans With Disabilities Act of 1990; (2)

failing to provide reasonable accommodation under Title I of the Americans With Disabilities Act of 1990 and (3) terminating any employee because he/she is disabled, regarded as disabled and/or has a record of a disability.

3. Luminant Mining Company agrees that there shall be no discrimination or retaliation of any kind against any person involved in or who provided any information related to the referenced charge or litigation, including James D. Tarver, because of opposition to any practice declared unlawful under Title I of the Americans With Disabilities Act of 1990, or because of the filing of a charge, giving testimony, assistance or participation in any manner in any investigation, proceeding or hearing under Title I of the Americans With Disabilities Act of 1990.

4. Luminant Mining Company agrees to develop an Americans with Disabilities Act Reasonable Accommodation Policy ("Reasonable Accommodation Policy") that includes a process for an employee to request a reasonable accommodation under the ADA, and a procedure for responding to those requests. The Reasonable Accommodation Policy shall define a disability and a request for reasonable accommodation. The Reasonable Accommodation Policy shall outline the process for an employee or applicant to make a request for a reasonable accommodation and the process for Luminant Mining Company to respond to such a request. The Reasonable Accommodation Policy shall advise all managers and supervisors of their duty to actively monitor their work areas to ensure compliance with the Americans with Disabilities Act, and to report any incidents and/or complaints of disability discrimination, failure to provide reasonable accommodation, and/or termination because of an employee's disability, because the employee is regarded as disabled and/or has a record of a disability of which they become aware to the persons charged with handling such complaints.

5. Luminant Mining Company agrees to publish the Reasonable Accommodation Policy to all employees, including workers, managers, supervisors and Human Resource personnel through the company intranet "Connect" within 90 days after the entry of this Consent Decree.

6. Luminant Mining Company agrees to conduct training once a year during the term of this Consent Decree for all of its employees, including but not limited to non-supervisory workers, supervisors, managers and human resource personnel at the Kosse facility, advising them of the requirements and prohibitions of the Americans with Disabilities Act. The training may be presented as a Webinar. The training will inform the employees of the Reasonable Accommodation Policy. The training will advise these employees of the consequences of violating the Americans with Disabilities Act. The training shall be at least one hour in duration. Luminant Mining Company agrees to give written notice to the EEOC within fourteen (14) days after each training session, providing the following information: (a) the date and location of the training; (b) how employees are notified of the training; and (c) the name of the person providing the training.

7. Luminant Mining Company agrees to confirm that there are no notations, remarks, written disciplinary warnings, or other indications placed in any of the Charging Party's personnel files regarding the subject matter of the Charge of Discrimination filed in this matter.

8. Luminant Mining Company agrees to provide to any employer or prospective employer a neutral reference for the Intervenor. The reference will include the dates of employment and job title.

9. Luminant Mining Company agrees to pay James D. Tarver the total amount of $150,000 in settlement of this case. The parties agree that $29,000 of this total amount

represents settlement of Mr. Tarver's claims for backpay damages, and taxes should be deducted from this amount only. Luminant Mining Company agrees to issue James D. Tarver an IRS form W-2 on this amount. The parties agree that $58,000 of this total amount represents settlement of Mr. Tarver's claims for compensatory and punitive damages for which an IRS form 1099 shall issue. Luminant Mining Company agrees to issue a check for settlement of Tarver's attorney's fees and costs in the amount of $63,000. The check shall be made payable to Oberti Sullivan LLP. Within 30 days of Judge Walter Smith signing the Consent Decree, the checks shall be mailed to Mark Oberti, Oberti Sullivan LLP, 723 Mail Street, Suite 340, Houston, Texas 77002 by certified mail, return receipt requested. Luminant Mining Company will issue the appropriate IRS forms to Mr. Tarver and his attorneys.

10. All reports to the EEOC required by this Decree shall be sent to William C. Backhaus, Senior Trial Attorney, EEOC, 207 S. Houston, Third Floor, Dallas, Texas 75202.

11. The duration of this Decree shall be one (1) year from the date of its filing with the Court. This Court shall retain jurisdiction of this action during the period of this Decree and may enter further orders or modifications as may be appropriate. Should any disputes under this Decree remain unresolved after this 1-year period, the term of the Decree shall be automatically extended, and the Court will retain jurisdiction of this matter to enforce the Consent Decree, until such time as all disputes have been resolved.

12. Plaintiff EEOC shall have the right to ensure compliance with the terms of this Consent Decree.

13. The parties to this Consent Decree agree to bear their own costs and attorney's fees associated with the above-referenced Complaint.

SO ORDERED, ADJUDGED AND DECREED this ___30°___ day of ___May___, 2013.

_____
U.S. DISTRICT COURT JUDGE

AGREED AS TO FORM AND SUBSTANCE:

Signed this _____ day of _____, 2013.

FOR THE PLAINTIFF:

P. DAVID LOPEZ
General Counsel

JAMES LEE
Deputy General Counsel

GWENDOLYN Y. REAMS
Associate General Counsel

_____
ROBERT A. CANINO
Regional Attorney
Oklahoma State Bar No. 011782

SUZANNE M. ANDERSON
Supervisory Trial Attorney
Texas Bar No. 14009470

WILLIAM C. BACKHAUS
Senior Trial Attorney
Texas Bar No. 01493850

FOR THE DEFENDANT:

_____
EDUARDO F. CUADERES, JR.
State Bar No. 05200800
LITTLER MENDELSON, P.C.
2001 Ross Ave
Suite 1500, Lock Box 116
Dallas, Texas 75201-2931
Tel. No. (214) 880-8100
Fax No. (214) 880-0181

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
Dallas District Office
207 South Houston Street Third Floor
Dallas, Texas 75202
Tel No. (214) 253-2742
Fax No. (214) 253-2749

FOR THE INTERVENOR:

_____
MARK J. OBERTI
State Bar No. 00789951

OBERTI SULLIVAN LLP
723 Main Street, Suite 340
Houston, Texas 77002
Tel. No. (713) 401-3555
Fax No. (713) 401-3547